IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

VILLAGE SQUARE CONDOMINIUM,
ETC.,

       Appellant,

 v.                                   Case No.  5D15-2387

U.S. BANK NATIONAL ASSOCIATION,

       Appellee.

_____/

Opinion filed November 18, 2016

Appeal from the Circuit Court
for Orange County,
Keith F. White , Judge.

Jacob A. Brainard, Scott C. Davis and
Jacob Bair, of Business Law Group,
P.A., Tampa, for Appellant.

Alexzander D. Gonano, of Gonano &
Harrell, Fort Pierce and Avri S. Ben-
Hamo and Steven B. Greenfield, of
Aldridge & Pite, LLP, Boca Raton, for
Appellee.


PER CURIAM.

      Village Square Condominium Association, Inc. ("Village Square") appeals from a

final summary judgment finding that U.S. Bank National Association ("U.S. Bank")

qualified for safe harbor under section 718.116(1)(b), Florida Statutes (2014), which limits

a first mortgagee's liability for past-due condo association assessments.  Village Square argues that U.S. Bank was not a first mortgagee because it was only the servicer of the loan, not the owner. U.S. Bank argues that it was a first mortgagee because it was the holder of the note and mortgage.  This issue was recently addressed by the Second District Court of Appeal in *Brittany's Place Condominium Association, Inc. v. U.S. Bank, N.A.*, 41 Fla. L. Weekly D2267 (Fla. 2d DCA Oct. 5, 2016).  We agree with Judge Black's well-reasoned opinion, which concluded that ownership of the note and mortgage is not required in order for a foreclosing party to limit its liability pursuant to the safe harbor provisions of section 718.116(1)(b), Florida Statutes (2014).

AFFIRMED.

LAWSON, C.J., ORFINGER and EVANDER, JJ., concur.